NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

TERRANCE THARP, *Appellant*.

No. 1 CA-CR 19-0204
FILED 1-9-2020

Appeal from the Superior Court in Maricopa County
No. CR2018-147220-001
The Honorable Kathleen H. Mead, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Carlos Daniel Carrion
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge Kent E. Cattani and Chief Judge Peter B. Swann joined.

**C R U Z**, Judge:

**¶1**     This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for Terrance Tharp has advised this court that counsel found no arguable questions of law and asks us to search the record for fundamental error. Tharp was convicted of one count of possession or use of marijuana, a Class 1 misdemeanor, and one count of possession of drug paraphernalia, a Class 1 misdemeanor. Tharp was given an opportunity to file a supplemental brief *in propria persona*; he has not done so. After reviewing the record, we affirm Tharp's convictions and sentence.

## FACTUAL AND PROCEDURAL HISTORY

**¶2**     We view the facts in the light most favorable to sustaining the verdict and resolve all reasonable inferences against Tharp. *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

**¶3**     While traveling eastbound on the State Route 202 on the morning of September 22, 2017, Department of Public Safety ("DPS") Detective Bunch noticed a red sedan traveling "well over the flow of traffic." Detective Bunch changed lanes to drive behind the red sedan and noted the speedometer on his vehicle read more than 95 miles per hour in a 65 mile-per-hour zone. The detective activated his vehicle's emergency lights; the sedan did not immediately yield, and Detective Bunch requested additional officers to assist with the traffic stop. The sedan then exited at Priest Drive; Detective Bunch activated his sirens, and the sedan stopped.

**¶4**     Upon approaching the vehicle, Detective Bunch "noted the distinct odor of unburnt marijuana." Detective Bunch asked the driver to leave the vehicle and then identified the driver as Tharp, who provided the detective with a driver's license. When Detective Bunch and Tharp returned to the vehicle, the detective "immediately noted the stronger odor of unburnt marijuana." Detective Bunch looked into the door handle area of the open driver's side door and saw "a loose green leafy substance." The

detective then spotted a "small decorative Ziploc baggie" containing a similar green leafy substance in the floorboard area of the driver's side. Detective Bunch testified he could see these items in "plain view" without touching the vehicle because the driver's door remained open while Tharp sat in the front seat, looking for his registration and insurance information.

¶5        DPS Trooper Armold responded to the detective's request for assistance; as he approached the vehicle, he detected an odor of marijuana. He conducted a search of the vehicle and located: a clear plastic baggie with dollar symbols containing a green leafy substance on the driver's side floorboard, burnt paper material behind the passenger seat, stems and seeds in the center console cup holder, a green leafy substance in the driver's side door handle, and plastic containers each containing plastic baggies with a green leafy substance in the center console and the passenger side door.

¶6        The State charged Tharp with one count of possession or use of marijuana, a Class 6 felony, and one count of possession of drug paraphernalia, a Class 6 felony. At the initial appearance, the court appointed a public defender to represent Tharp. Later, during a preliminary hearing, Tharp acknowledged an offered plea agreement, told the court he was rejecting the offer, and confirmed he understood the possible penalties he faced at trial. The State informed the court that Tharp did not have prior felony convictions "or drug strikes."

¶7        At a second preliminary hearing, Trooper Armold testified that he found marijuana and Ziploc baggies containing marijuana during his search of the vehicle and that the DPS Crime Lab confirmed the substance was marijuana. The court found probable cause existed as to both charges and entered a plea of not guilty for Tharp.

¶8        During a pretrial conference, the parties agreed to amend the complaint to reclassify both counts as Class 1 misdemeanors, and the court set the matter for a bench trial. The court instructed Tharp to appear at trial and warned Tharp of the potential consequences should he not do so.

¶9        On the date of trial, Tharp did not appear at the time set for trial and the court proceeded *in absentia* over objection of Tharp's counsel. Tharp arrived approximately forty minutes after the scheduled time for trial during the direct examination of Detective Bunch. Detective Bunch testified that during the traffic stop, he noticed an odor of marijuana coming from the vehicle driven by Tharp and saw marijuana in the vehicle. Trooper Armold testified that he noted an odor of marijuana coming from the

vehicle, conducted a search of the vehicle, and found marijuana and paraphernalia during his search. Trooper Armold identified Tharp as the driver of the vehicle and identified the exhibits consisting of the marijuana and paraphernalia evidence he found during his search of the vehicle. A forensic scientist from the DPS Crime Lab testified that he tested one of the exhibits and determined it contained a usable amount of marijuana.

¶10　　　　Tharp testified at trial and did not dispute that DPS officers found marijuana and paraphernalia in the car he was driving. He testified that he had a medical cannabis card but had lost his wallet and could not produce the card for the officers; he testified that he showed them a photo of the card on his phone. The court noted that Tharp had not produced evidence that he had a valid medical cannabis card at the time of the traffic stop. Tharp testified that he had a card issued in November 2018 that was valid through November 2019. Trooper Armold then testified that Tharp had not shown him a photo of a medical cannabis card, but that Tharp told him that "he was a medical marijuana card holder from 2015 through 2017." Trooper Armold then testified that without a "QP ID number" dispatch is unable to look up a person's "medical marijuana active status." According to Trooper Armold's testimony, Tharp had opportunity to provide his qualified patient number or his medical cannabis card but never did so. Even as of the day of trial, Tharp did not argue or offer any evidence that on the day of the charged offenses he was a medical marijuana cardholder.

¶11　　　　The court determined that the State met its burden of proof and found Tharp guilty on both counts. During sentencing, the court took note of Tharp's current valid medical cannabis card and placed Tharp on unsupervised probation for one year, instituted eight hours of drug education, fined Tharp $1,372.50, and imposed a Criminal Penalty Assessment of $13 and a Victim Rights Enforcement Assessment of $2. The court informed Tharp that he would be off probation once he paid the mandatory fines and completed the drug education course; the court noted that if Tharp did so before May 1, 2019, he would not be responsible for a probation service fee and a "time payment" probation assessment.

## DISCUSSION

¶12　　　　We review Tharp's convictions and sentence for fundamental error. *See State v. Flores*, 227 Ariz. 509, 512, ¶ 12 (App. 2011). Counsel for Tharp has advised the court that after a diligent search of the entire record, counsel has found no arguable question of law. We have read and considered the counsel's brief and fully reviewed the record for reversible error, *see Leon*, 104 Ariz. at 300, and find none. All of the proceedings were

conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, counsel represented Tharp at all stages of the proceedings, and the sentence imposed was within the statutory guidelines. We decline to order briefing and affirm Tharp's convictions and sentence.

¶13        Upon the filing of this decision, defense counsel shall inform Tharp of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Tharp shall have thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

## CONCLUSION

¶14        For the foregoing reasons, we affirm Tharp's convictions and sentence.



AMY M. WOOD • Clerk of the Court
FILED:  AA